UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN ABOY and PATROCINIA B. ABOY, individuals, on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br>v.<br><br>WASHINGTON MUTUAL BANK, FA as the Original Lender; CALIFORNIA RECONVEYANCE COMPANY as the Original Trustee. CHICAGO TITLE COMPANY Title Company; WASHINGTON MUTUAL BANK, as the PSA Master Servicer; WASHINGTON MUTUAL MORTGAGE SECURITIES CORP. PSA Sponsor and Seller; WAMU ASSET ACCEPTANCE CORP., as PSA Depositor; LASALLE BANK N.A., as PSA Trustee; WASHINGTON MUTUAL BANK FSB PSA Custodian; WASHINGTON MUTUAL MORTGAGE PASS-THROUGH CERTIFICATES WMALT SERIES 2006-4, as the PSA Trust Issuing Entity; CALIFORNIA RECONVEYANCE COMPANY, as the Foreclosing Trustee; and DOES 1 through 100, Inclusive,<br><br>     Defendants. | Case No. 12-CV-0699 AJB (MDD)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT**<br><br>(Doc. No. 4)<br>(Doc. No. 7) |

  Presently before the Court are two motions to dismiss Plaintiffs' complaint alleging ten causes of action arising out of the foreclosure of Plaintiffs' residence. On August 10, 2012, Defendant Chicago Title Company ("Chicago") filed a motion to dismiss the complaint, (Doc. No. 4), and on August 13,

2012, Defendants JP Morgan Chase Bank, N.A. ("JPMorgan"), as acquirer of certain assets of Washington Mutual Bank, F.S.B. from the FDIC acting as receiver; California Reconveyance Company ("CRC"); and U.S. Bank, N.A., as successor Trustee to Bank of America, N.A., successor by merger to Lasalle Bank, N.A., as Trustee for Washington Mutual Mortgage Pass through Certificates, WMALT Series 2006-4 ("USB") (collectively, "Washington Mutual") filed a motion to dismiss the complaint, (Doc. No. 7).[1] Together, the motions filed on behalf of the Chicago Defendant and the Washington Mutual Defendants represent all of the named Defendants in the instant action (collectively, "Defendants").[2] Per the Court's scheduling order setting the briefing schedule for the pending motions, Plaintiffs were instructed to file their opposition to Defendant Chicago's motion no later than September 4, 2012, (Doc. No. 6), and file their opposition to Defendant Washington Mutual's motion no later than September 17, 2012, (Doc. No. 10). To date, Plaintiffs have failed to file an opposition to either of the pending motions. Accordingly, for the reasons set forth below, the Court finds Plaintiffs have consented to the merits of both motions and **GRANTS** Defendants motions to dismiss pursuant to Civil Local Rule 7.1.f.3.c.

### *BACKGROUND*

The property that forms the basis of this dispute is located at 10222 Sienna Hills Drive, San Diego, California 92127 (the "Property"). (Compl. ¶ 18.) On January 30, 2006, Plaintiffs obtained a residential loan (the "Loan") in the amount of $764,950.00. A deed of trust ("DOT") securing the Loan was recorded with the San Diego County Recorder's Office on February 2, 2006, as instrument number 2006-0080785. (RJN Exh. 1.) The DOT lists Washington Mutual Bank, F.S.B. ("WaMu") as the lender, Plaintiffs and Angelo Aboy as borrowers, and CRC as the trustee. (RJN Exh. 1.) On September 25, 2008, the FDIC and JPMorgan entered into a Purchase and Assumption

---

[1] Defendants Washington Mutual also requested that the Court take Judicial Notice of: (1) the Deed of Trust securing the Property; (2) the Purchase and Assumption Agreement, whereby JP Morgan Chase acquired certain assets of Washington Mutual bank F.S.B.; and (3) the Notice of Default recorded on January 26, 2012. As all documents are a matter of public record, are easily verifiable, and the accuracy of which cannot be questioned the Court grants Washington Mutual's request for judicial notice. See Fed. R. Evid. 201(b)

[2] Plaintiffs erroneously named several Defendants, all of which, excluding Chicago, fall under the umbrella of Washington Mutual.

1  Agreement (the "P&A Agreement"), whereby JPMorgan acquired certain assets of WaMu, including the
2  Loan. (RJN Exh. 2.) After Plaintiffs defaulted on the Loan, a Notice of Default and Election to Sell
3  ("NOD") was recorded on January 26, 2012 with the San Diego County Recorder's Office as
4  instrument number 2012-0044277. The NOD confirms that the Loan was $56,594.80 in arrears as of
5  January 25, 2012. (RJN Exh. 3.). Currently no trustee sale has taken place. Plaintiffs filed the instant
6  complaint on March 22, 2012, alleging: (1) lack of standing; (2) deceit and intentional misrepresenta-
7  tion; (3) intentional infliction of emotional distress; (4) slander by title; (5) quiet title; (6) declaratory
8  relief; (7) violations of California Civil Code Section 2932.5; (8) violation of California Civil Code
9  Section 17200, et seq.; (9) violation of California Code of Civil Procedure Section 726; and (10) civil
10 RICO violations. (Doc. No. 1.)

## *LEGAL STANDARD*

12  Civil Local Rule 7.1.e.2. requires a party opposing a motion to file an opposition or statement of
13 non-opposition within fourteen calendar days of the noticed hearing. As further described in Local Rule
14 7.1.f.3.a., the opposition must be in writing. Failure to comply with these rules "may constitute a
15 consent to the granting of a motion" under Local Rule 7.1.f.3.c.

16  District courts have broad discretion to enact and apply local rules, including dismissal of a case
17 for failure to comply with the local rules. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *United*
18 *States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979). The Ninth Circuit also permits dismissal pursuant
19 to a local rule where the party is acting pro se. Accordingly, even though the court has an obligation to
20 liberally construe their pleadings, "pro se litigants are bound by the rules of procedure." *Ghazali*, 46
21 F.3d at 54 (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)). Before dismissing an action for
22 failure to comply with local rules, the district court "weigh[s] several factors: '(1) the public's interest in
23 expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to
24 the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability
25 of less drastic sanctions.' " *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423
26 (9th Cir. 1986)).
27 //
28 //

## *DISCUSSION*

First, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Not only is orderly and swift resolution of disputes important to the rule of law, but delay in reaching the merits "is costly in money, memory, manageability, and confidence in the process." *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006). Along with determining the public's interest in expeditious resolution of the litigation, the district court judge is also in the best position to determine whether the delay in failure to oppose a motion or to comply with a timing requirement interferes with the court's docket management. *Yourish*, 191 F.3d at 990; *Pagtalunan*, 291 F.3d at 642. Accordingly, because Plaintiffs have failed to respond to both pending motions, and the Court has a need to manage its docket, factors one and two weigh in favor of dismissal. *Pagtalunan*, 291 F.3d at 642.

Under factor three, "a defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *In re Phenylpropanolamine*, 460 F.3d at 1227 (quoting *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990)). Prejudice may include failing to produce documents or submitting documents late. *Id.* Moreover, the law presumes that unreasonable delay is prejudicial. *Id.* (citing *In re Eisen*, 31 F.3d 1453). The plaintiff may rebut this presumption either by showing that no actual prejudice occurred or by setting forth a non-frivolous explanation for the delay, which then shifts the burden to the defendant to show some actual prejudice. *Id.* (citing *In re Eisen*, 31 F.3d at 1453). Because plaintiff's failure to respond has impaired Defendants ability to pursue this action, this factor also weighs in favor dismissal.

Finally, as public policy favors disposition of cases on the merits, this factor generally weighs against dismissal. *Pagtalunan*, 291 F.3d at 643. However, "a case that is stalled or unreasonably delayed by a party's failure to comply with local rules cannot move forward toward resolution on the merits." *In re Phenylpropanolamine*, 460 F.3d at 1228. Thus, because Plaintiff is the reason Defendants are presently before the Court, and whose responsibility it is to move the case toward disposition on the merits, factors four and five also weigh in favor of dismissal. *Id. See also In re Phenylpropanolamine*, 460 F.3d at 1228. (The district court must also consider the impact of the sanction of dismissal and the availability of less drastic alternatives.).

### *CONCLUSION*

For the reasons set forth above, the Court hereby **GRANTS** Defendants' motion to dismiss Plaintiffs' complaint in its entirety. Plaintiffs have thirty (30) days from the date of this order to file an amended complaint, otherwise the Court will instruct the Clerk of the Court to close the case and render judgment in favor of Defendants.

IT IS SO ORDERED.

DATED: October 2, 2012

Hon. Anthony J. Battaglia
U.S. District Judge